UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 2 2004

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. L-04-1709 |
| KAREN TURNER ROBERTS<br>Defendant | | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorney Michael T. Shelby, United States Attorney for the Southern District of Texas and <u>Graciela Rodriguez,</u> Assistant United States Attorney, and the Defendant, <u>KAREN TURNER ROBERTS</u> and the Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. As part of this agreement, the Defendant, agrees to: plead guilty to the COUNT ONE of the indictment which charges the Defendant with <u>Possession with Intent to Distribute Marijuana</u> in violation of Title 21, United States Code, §§841(a) and 841(b)(1)(B);

2. As part of this agreement, the United States agrees to:

(a) recommend a reduction in the defendant's guideline range based on early acceptance of responsibility [§3E1.1(b)(1) and (2) USSG]; and

(b) recommend that Defendant be sentenced at <u>the appropriate level</u> of the sentencing guidelines with a <u>mandatory minimum sentence of 60 months,</u> unless the Court finds that the defendant qualifies for the safety valve provisions of 18 USC Section 3553(f), in which case the Court may sentence the defendant at the appropriate level.

3. The penalty for violation of Title 21, United States Code, §§841(a)(1), 841(b)(1)(A) is <u>a mandatory minimum term of imprisonment of five (5) years</u>, a maximum term of imprisonment of <u>forty (40) years</u>, and a fine of not more than $2,000,000.00; a (possible) period of supervised release of at least <u>four (4)</u> years. The defendant also acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant cannot be placed on probation or have the imposition or execution of the sentence suspended.

4. Prior to or at the time of sentencing, or when ordered by the Court, the defendant will pay to the United States Department of Justice a special assessment in the amount of one hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to Department of Justice, c/o U.S. Attorney's Office, 910 Travis, Suite 1500, P.O.Box 61129, Houston, Texas 77008.

5. The defendant understands that the Court is permitted, pursuant to Section 5E1.2(i) of the Sentencing Guidelines and Policy Statements, to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment, term of supervised release and probation, if any are ordered.

6. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

7. The defendant understands that the sentence to be imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established

by statute, the defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

8. The defendant is aware that the defendant's sentence will be imposed in accordance with the <u>Sentencing Guidelines and Policy Statements</u>. The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads guilty.

9. The defendant is aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive.

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek a resolution of such factors or facts in conference with defendant's counsel and the Probation Office and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u>.

11. The United States agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney. The United States will bring this plea

agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

12. The defendant represents to the Court that defendant is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Agreement. Defendant understands that the rights of defendants include the following:

a. If the defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the court all agree.

b. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and his attorney would be able to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

c. At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on her own behalf.

13. The defendant understands that nothing in this plea agreement, however, will restrict access by the Probation Office or the Court to information and records in the possession of the United States, including that obtained from the defendant.

14. If the defendant should fail in any way to fulfill completely all of the obligations

4

under this plea agreement, the United States will be released from its obligations under the plea agreement. Thus, for example, if at any time the defendant knowingly withholds evidence, or otherwise is not completely truthful with the United States, an officer of the United States, any law enforcement officer, or in testimony before the grand jury or at trial; or if the defendant knowingly gives false information to the United States relating to another's participation in criminal activity, then:

    a.    The defendant may be prosecuted for perjury, false declaration, false statement, and/or obstruction of justice or any other offenses that may have been committed;

    b.    Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom will be used against the defendant in any prosecution;

    c.    The United States will be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence.

15.    Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding during which the defendant's disclosures and documentary evidence shall be admissible and during which the United States shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

16.    This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. No promises or representations have been made by the United States excepts as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against the defendant and that the defendant is

pleading guilty freely and voluntarily because the defendant is guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

_____
KAREN TURNER ROBERTS


SUBSCRIBED AND SWORN TO BEFORE ME on this the 2nd day of Dec, 2004.

MICHAEL N. MILBY, CLERK

BY: _____
Deputy Clerk

APPROVED:

_____
GRACIELA RODRIGUEZ
Assistant United States Attorney

_____
JUAN RAMON FLORES
Attorney for Defendant

6